UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                :

MARTIN RAQUER, *individually and on behalf of others*  :
*similarly situated*                                                :
                                                                                :      11 Civ. 7774 (PAE)
                                        Plaintiffs,       :
                                                                                :      <u>OPINION & ORDER</u>
                    -v-                              :

CAFÉ BUON GUSTO CORP. et al.,                    :

                                       Defendants.      :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Martin Raquer, individually and on behalf of others similarly situated, brings claims against defendants Café Buon Gusto Corp. and Nasser Ghorchian for failure to pay a minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a), and the New York Labor Law, N.Y. Labor L. § 652.  Defendants deny Raquer's claims, and argue that neither defendant qualifies as Raquer's "employer" under the relevant statutes.

       Defendants move for summary judgment on Raquer's claims under Federal Rule of Civil Procedure 56.  For the reasons that follow, defendants' motion is granted in part, and denied in part.

**I.     Background**[1]

From approximately June 2006 to September 2011, Raquer was employed by a restaurant doing business as Café Buon Gusto, located at 236 East 77th Street, New York, NY.  Pl.'s 56.1 ¶ 1; Defs.' 56.1 ¶ 1.  Raquer alleges that he was primarily employed as a deliveryman and packer of cheese.  Compl. ¶ 3.  He alleges that, between June 2006 and September 2011, he worked six days a week for approximately five hours a day and was paid a flat rate of $10 per day.  Compl. ¶¶ 33–35.  He further alleges that he was required to perform non-tipped, non-delivery duties—primarily packing cheese—and that these duties constituted a significant portion of his workload.  *Id.* ¶ 48.  Defendants deny these allegations.  Ans. ¶ 1.

Defendants' summary judgment motion, and the Local Rule 56.1 Statements accompanying the parties' briefs, are focused primarily on whether each of the two defendants qualifies as Raquer's "employer."  Defendants assert that Café Buon Gusto Corp. was operational from 1990 to 2001.  Defs.' 56.1 ¶ 2; Ghorchian Aff. ¶ 4.  In 2001, George Gosen prepared and filed a final tax return for Café Buon Gusto Corp. with the Internal Revenue Service ("IRS"), the purpose of which was to disband the corporation.  David Decl. Ex. 4; Gosen Aff. ¶¶ 7–10.  Raquer disputes the authenticity of the final tax return because, in the form produced, it is unsigned.  Pl.'s 56.1 ¶ 3.  Defendants assert that, since 2001, Café Buon Gusto Corp. has not held any assets or bank accounts, done any business, or paid or employed any employees.  Defs.' 56.1 ¶¶ 3, 5; Ghorchian Aff. ¶¶ 6, 8; Gosen Aff. ¶ 11.  Raquer denies these

---

[1] The Court's account of the underlying facts of this case is drawn from the parties' pleadings and their submissions in support of and in opposition to the instant motion, including: the Declaration of Abraham David in Support of Defendants' Motion for Summary Judgment ("David Decl."), and attached exhibits, including the Affidavit of Nasser Ghorchian ("Ghorchian Aff."), the Affidavit of George Gosen ("Gosen Aff."), and the Affidavit of Giovanni Cannatta ("Cannatta Aff."); the Declaration of Michael Faillace in Opposition to Defendants' Motion for Summary Judgment ("Faillace Decl."), and attached exhibits; the Affidavit of Martin Raquer ("Raquer Aff."); and the Affidavit of Jorge Galvis ("Galvis Aff.").

2

assertions, relying primarily on that fact that information publicly available from the New York Secretary of State shows that Café Buon Gusto has been registered since 1990 and is still currently active. Pl.'s 56.1 ¶¶ 2–3, 5; Faillace Decl. Ex. A. In reply, defendants provide Ghorchian's testimony that this is the result of an oversight on the part of those preparing the paperwork when the corporation was disbanded. Ghorchian Aff. ¶¶ 9–10.

Ghorchian did not personally hire or fire Raquer. Pl.'s 56.1 ¶¶ 6–7; Defs.' 56.1 ¶¶ 6–7. However, Raquer asserts that Ghorchian had the power to do both. Pl.'s 56.1 ¶¶ 6–7; Galvis Aff. ¶ 6. Ghorchian did not personally hand Raquer his pay, but Raquer asserts that Ghorchian made decisions regarding the employees' pay. Pl.'s 56.1 ¶¶ 8–9; Raquer Aff. ¶ 3; Galvis Aff. ¶ 6. Defendants assert that Ghorchian did not oversee or operate the restaurant on a day to day basis, and that he was not present on a daily basis. Defs.' 56.1 ¶¶ 12, 15; Ghorchian Aff. ¶¶ 14, 21. Raquer disputes this. Pl.'s 56.1 ¶ 11. He testified that Ghorchian came to the restaurant three times a week and gave orders to the waiters and kitchen staff. Raquer Aff. ¶ 2. Raquer also provides an affidavit from another former employee, Jorge Galvis, who asserts that Ghorchian was frequently involved in overseeing the restaurant. Galvis Aff. ¶¶ 3–4, 7–8.[2]

## II. Procedural History

On November 1, 2011, plaintiff filed the complaint in this action. Dkt. 1. On December 16, 2011, defendants filed an answer. Dkt. 4. On June 14, 2012, the Court denied plaintiff's request for leave to amend the complaint to add additional defendants, because the request was three months overdue. Dkt. 13. On July 27, 2012, plaintiff filed another lawsuit, *Raquer v. Safi-*

---

[2] In addition to the responses mentioned here, Raquer's 56.1 Statement repeatedly asserts that "Plaintiff cannot present facts essential to justify its opposition because Defendants have failed to disclose relevant information in discovery, in violation of the Court's Order." The Court's Individual Rules provide a mechanism for parties to timely raise, and the Court to promptly resolve, discovery disputes. Plaintiffs brought no such dispute to the Court's attention, and factual discovery closed on June 15, 2012. The time for such objections has long since passed.

*G Inc., et al.*, No. 12-cv-5729 (S.D.N.Y.), against defendants Safi-G Inc., Akhtar Safi Samgh-Abadi, and Ghorchian, making substantially identical claims to those at issue in this case. On September 4, 2012, the Court denied plaintiff's request to consolidate that action with this one, because it was a clear attempt to circumvent the Court's June 14, 2012 Order. Dkt. 37.

On August 6, 2012, defendants filed this motion. Dkt. 22. On August 22, 2012 plaintiff filed an opposition. Dkt. 27. On August 29, 2012, defendants filed a reply. Dkt. 34.

### III.    Legal Standard

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona College*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."

*Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

**IV.  Discussion**

Raquer alleges that defendants violated 29 U.S.C. § 206(a) and New York Labor Law § 652 by failing to pay him minimum wage.  Both statutes, however, only apply to individuals or entities who qualify as an "employer."  *See* 29 U.S.C. § 203(d); N.Y. Labor Law § 651.

**A.  Café Buon Gusto Corp.**

Defendants argue that Café Buon Gusto Corp. ceased to exist as of 2001, and therefore it could not have been Raquer's "employer" during his employment from 2006 to 2011.  In support of the proposition that Café Buon Gusto Corp. ceased to exist in 2001, defendants offer the company's final IRS tax return for 2001, the testimony of the accountant who prepared that return, and the testimony of the company's CEO at the time, Ghorchian.  David Decl. Ex. 4; Gosen Aff. ¶¶ 7–11; Ghorchian Aff. ¶¶ 4–8.  In response, Raquer denies the probative value of the tax return as produced, because it is unsigned, and points to records of the New York Secretary of State reflecting that Café Buon Gusto Corp. is still active.  Pl.'s 56.1 ¶¶ 2–3, 5; Faillace Decl. Ex. A.  Neither of Raquer's contentions establishes a genuine issue of material fact.

Although the lack of a signature on the tax return may limit its probative value, this does not vitiate its evidentiary value entirely, especially where the accountant who prepared the return gave sworn testimony that he filed a valid, signed copy of it with the IRS.  *See* Gosen Aff. ¶ 8.  And contesting the validity of the movant's evidence, without presenting any affirmative evidence to the contrary, does not create a genuine issue of material fact.  *Hicks*, 593 F.3d at 166.  The only affirmative evidence Raquer does provide to support his claim that Café Buon Gusto

Corp. is his employer is the New York Department of State website reflecting that Café Buon Gusto Corp. is still active.  But that website carries the following disclaimer: "As the Department relies upon information provided to it, the information's completeness or accuracy cannot be guaranteed."  *See* New York Department of State, http://www.dos.ny.gov/corps/bus_entity_search.html (last visited Sept. 26, 2012).  Ghorchian testified that, as the result of an oversight, in 2001 the requisite paperwork to revise the website entry was not filed with the Department of State.  Ghorchian Aff. ¶¶ 9–10.  That explains the continued reference to Café Buon Gusto Corp.; Raquer offers no contrary evidence.

Because defendants have adduced documentary evidence and testimony to the effect that Café Buon Gusto Corp. ceased to operate in 2001, and because Raquer has failed to come forward with evidence to the contrary sufficient to establish a genuine issue for trial, summary judgment in favor of Café Buon Gusto Corp. is merited on Raquer's claims under the FLSA and New York Labor Law.  *See Wright*, 554 F.3d at 266.

### B.  Nasser Ghorchian

Defendants also argue that Ghorchian does not qualify as an "employer."  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Supreme Court has emphasized that this is an expansive definition with "striking breadth."  *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).  Individual officers or directors of a company may be held to be "employers" under the FLSA where "the individual has operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions."  *Lopez v. Silverman*, 14 F. Supp. 2d 405, 412 n.4 (S.D.N.Y. 1998).  In deciding the degree of control individual officers have over other

employees, the Second Circuit utilizes an "economic reality" test, which considers whether the officers: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Security Services, Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). This is a totality of the circumstances test, and courts are to consider any relevant evidence, rather than employ a rigid, legalistic application of the test. *See Zheng v. Liberty Apparel, Inc.*, 355 F.3d 61, 69 (2d Cir. 2003).

Here, the parties have adduced conflicting testimony over the extent of Ghorchian's involvement with the restaurant. Raquer testified that Ghorchian came to the restaurant three times a week and gave orders to the staff, and that on one occasion Ghorchian fired an employee. Raquer Aff. ¶¶ 2–3. Jorge Galvis's testimony mirrored Raquer's, and also included anecdotes about how Ghorchian would order Galvis to clean the kitchen once a week, how Ghorchian would personally drive Galvis from the Manhattan restaurant to another restaurant he owned, and how Ghorchian would direct the manager to send delivery workers home early at least once a week. Galvis Aff. ¶¶ 2–8. In response, defendants offer Ghorchian's testimony that he did not oversee the day to day operations of the restaurant, that he did not hire and fire employees, that he did not pay the employees or determine their compensation, and that he only made weekly visits to the restaurant to greet customers. Ghorchian Aff. ¶¶ 14–21. Cannatta testified that he, not Ghorchian, managed the restaurant, and that he had the power to hire and fire employees. Cannatta Aff. ¶ 3.

To be sure, the evidence presented by each party is underwhelming. No depositions were taken during this case. As a result, all of the above testimony consists of affidavits which present broad, conflicting assertions about Ghorchian's involvement in the restaurant, but none of which

provide much detail. However, the pertinent point for present purposes is that there is evidence to support each side on the question of whether Ghorchian was Raquer's "employer." And to prevail on a motion for summary judgment, the burden rests on the movant to "show[] that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Defendants have failed to do so.

New York Labor Law provides a similar standard for determining whether an individual officer is an "employer." *See Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 193 (S.D.N.Y. 2003). Accordingly, the Court also finds that defendants have failed to establish that there exists no genuine issue of material fact with regard to Raquer's state law claim.

## CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment is GRANTED with respect to plaintiff's FLSA and New York Labor Law claims against defendant Café Buon Gusto Corp., and is DENIED with respect to plaintiff's FLSA and New York Labor Law claims against defendant Nasser Ghorchian. A pretrial conference is scheduled for October 11, 2012, at 4 pm, in Courtroom 18C of the United States Courthouse, 500 Pearl Street, New York, New York 10007, at which the Court will set a prompt trial date. The Clerk of Court is directed to terminate the motion at docket number 22.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: September 28, 2012
       New York, New York